ELMER E. WEAVER, Respondent, *v.* MONTANA CEN-
TRAL RAILWAY CO., Appellant.

[Submitted June 23, 1897.   Decided October 4, 1897.]

*Malicious Prosecution—Probable Cause—Burden of Proof—*
*Evidence—New Trial.*

1. MALICIOUS PROSECUTION—*Burden of Proof.*—In an action for malicious prosecu ion
   in causing the arrest of plaintiff for larceny, the burden is upon the plaintiff to prove
   that the defendant acted maliciously and without probable ca se.
2. Where it appears from plaintiff's evidence, that plaintiff's fellow employe Smith had
   given him three suits of clothes, which were part of the property alleged to have been
   stolen by plaintiff, and that, after Smith's escape when about to be arrested, plaintiff
   suspecting that the goods had been stolen put them in a trunk of a friend of his and
   put them in the basem nt storeroom of his boarding house, of which fact defendant
   knew at the time the charge was made, and where it further appears that Smith, be-
   fore the arrest, confessed to the defendant that he had stolen the goods, and impli-
   cated plaintiff in the theft, the evidence is insufficient to justify a verdict aga nst de-
   fendant, and a motion to set aside such a verdict should have been granted.

*Appeal from District Court, Lewis and Clarke County.*
*Henry N. Blake, Judge.*

ACTION by Elmer E. Weaver against the Montana Central
Railway Company for malicious prosecution.   From a judg-
ment in favor of plaintiff, and from an order denying a new
trial, defendant appeals.   Reversed.

Statement of the case by the justice delivering the opinion.

This action was commenced in the District Court of the First
Judicial District in and for the county of Lewis and Clarke, to
recover damages 1or alleged ma icious prosecution.

It appears from the evidence that, while the plaintiff was a
locomotive fireman in the employ of the defendant, numerous
thefts had been committed of articles of merchandise in transit
between Helena and Butte.   The freight train from which
most of these articles were claimed to have been stolen was
the one upon which plaintiff worked as fireman.

On October 6  1893, the defendant, through its officials,
caused certain members of the crew ot said train, including

the plaintiff, to be arrested on two charges of grand larceny, alleged to have been committed on September 14, 1893. On the preliminary examination, held on October 12, 1893, plaintiff was discharged.

On November 7, 1893, the defendant again caused plaintiff's arrest, on the charge of petit larceny. The complaint, which was filed on November 8th, alleged that on September 4, 1893, plaintiff had stolen seven quilts. On the day set for trial, November 11th, no one appeared on behalf of the defendant, and, on motion of the county attorney, the case was dismissed. The arrests aforesaid were upon complaints filed in a justice of the peace court of Lewis and Clarke county. Meanwhile, on November 10, 1893, the defendant caused a complaint to be filed in a justice of the peace court of Jefferson county, charging the plaintiff with the crime of burglary. It was alleged therein that on or about the 5th day of September, 1893, at Bernice Station, in said County of Jefferson, plaintiff entered a certain railroad freight car, for the purpose of stealing therefrom seven quilts and thirteen suits of underwear.

On the same day, November 11th, on which the charge of petit larceny was dismissed against plaintiff in Lewis and Clarke county, he was arrested on the burglary charge, and taken to Jefferson county. Upon the preliminary hearing held in Jefferson county, plaintiff was bound over for trial in the District Court of Jefferson county. Subsequently the burglary case was dismissed in that District Court, and plaintiff discharged.

In the suit for malicious prosecution, plaintiff relied upon four causes of action; the first and second being based on the arrest for grand larceny, the third on the arrest for petit larceny, and the fourth on the arrest for burglary.

In his testimony on the trial, plaintiff admitted that prior to the first arrest he had been given by one Smith, a fellow employe on defendant's road, at a station in Jefferson county, three suits of underwear, which he had brought with him to Lewis and Clarke county; and that when said Smith and sev-

eral other trainmen, about to be arrested because of stolen articles of merchandise, had made their escape, shortly after the underclothing had been received by him, suspecting these suits to have been taken from a train of defendant, he had put them into the trunk of a woman who was a friend of his, and, with the permission of his landlady, had removed the trunk into the basement storeroom of his boarding house. Of the concealment of this underwear by plaintiff the officials of the defendant were apprised prior to the third and fourth arrests, and the Smith above mentioned had made a confession to them of having committed the thefts complained of, and had implicated plaintiff in the same.

The lower court instructed the jury that the plaintiff could not recover as to the fourth cause of action. The verdict returned was in favor of the defendant as to the first and second causes of action, but in favor of the plaintiff as to the third cause of action, in the sum of $5,000. Motion for a new trial having been made, the lower court announced that, unless plaintiff remitted the sum of $1,500, a retrial of the case would be granted defendant. Plaintiff elected to remit.

The appeal is from the order denying a new trial, and from the judgment.

*Arthur J. Shores,* for Appellant.

Citing *Gurley* v. *Tomkins,* 30 Pac. 345; *Atchison T. & S. F. R. R. Co.* v. *Watson,* 15 Pac. 884; *Mosley* v. *Yearwood,* 19 So. 275; *Lacey* v. *Porter,* 103 Cal. 597, 37 Pac. 635; *Meyers* v. *Louisville, St. L. & T. Ry. Co.* 33 S. W. 98; *Fletcher* v. *Chicago & N. W. Ry. Co.* 67 N. W. 331; *Farris* v. *Starke,* 3 B. Mon. 4; *Smith* v. *Davis,* 3 Mont. 110; *Le Clear* v. *Perkins,* 61 N. W. 367; *Poupard* v. *Dumas,* 63 N. W. 301; *Lenoir* v. *Marlin,* 30 S. W. 566; *Stone* v. *Swift,* 4 Pick. 393; *Potter* v. *Seale,* 8 Cal. 225; *Lacey* v. *Porter* (Cal.) 37 Pac. 637; *Ball* v. *Rawles,* 93 Cal. 235, 28 Pac. 937; *Stewart* v. *Sonneborn,* 98 U. S. 187; *Wastl* v. *Montana Union Ry. Co.,* 17 Mont. 213, 42 Pac. 773; *Hurlbut* v. *Boaz,* 23 S. W. 447.

*Walsh & Newman* and *Toole & Wallace*, for Respondent.

Malice may be inferred from want of probable cause. *Heap* v. *Parish* (Ind.) 3 N. E. Rep. 549; Newell on Malicious Prosecution, page 244; *Magmer* v. *Renk*, 65 Wis. (27 N. W. 26.) Prosecuting a second suit for the same cause of action is evidence of malice. (*Severns* v. *Brainerd*, 63 N. W. 477, Minn.) If the defendant did consult counsel in making the third arrest that would not be a defense to the action. (*Shannon* v. *Jones*, 13 S. W. (Tex.) 477; *Ramsey* v. *Arratt*, 64 Tex. 324; *Thurber* v. *East Building & Loan Association*, 21 S. E. (N. C.) 193; *Davenport* v. *Lynch*, 51 N. C. 545; *Messman* v. *Ihlenfeldt*, 62 N. W. 522 (Wis.); *Smith* v. *Building & Loan Association*, 20 S. E. 963 (N. C.); *Connery* v. *Manning*, 39 N. E. 558 (Mass.); *Clement* v. *Major*, 44 Pac. 776; *Seabridge* v. *Adam*, 41 Pac. 409.) While the advice of counsel as to the criminal liability of a defendant is an element entitled to consideration in determining whether the person had probable cause to believe defendant guilty, it is not of itself a sufficient defense to an action for malicious prosecution. (*Hall* v. *Kehal*, 8 N. Y. Sup. 176.) The good faith of the prosecuting attorney in the prosecution would not avail defendant. (*Peterson* v. *Tower*, 45 N. W. 346 (Mich.) A sued B for malicious prosecution. It was held that it was for the jury to say whether the fact that the attorney under whose advice B. acted was also his attorney in a civil action against A to recover the money charged to have been embezzled made the attorney an improper adviser. (*Watt* v. *Cooney*, 76 Me. 87.) It is not sufficient for an attorney to testify that the defendant told him the facts and he advised the arrest. It is well settled that the defendant must show that he communicated to counsel, learned in the law, all the facts bearing upon the guilt or innocence of the accused which he knew, or by reasonable diligence could have ascertained. (*Smith* v. *Davis*, 3 Mont. 111; *Bliss* v. *Wyman*, 7 Cal. 257.)

BUCK, J.—Before the case was submitted to the jury, appellant requested the trial court to instruct that respondent

could not recover as to the third cause of action, based on his arrest for petit larceny.    This request was refused.

There was evidence before the jury to the effect that one of the agents, acting in appellant's behalf, had told an engineer of the railroad, in respondent's presence, that, if he did not stop associating with respondent, he would have him discharged; that respondent was a man without reputation; and that he would either send respondent to the penitentiary, or "fix him" so that he could not work in the country.    It was also in evidence that, while respondent was in jail upon the charge of petit larceny, another agent, acting in behalf of appellant, had threatened to "railroad" him over to the penitentiary, and had also told him that, unless he would plead guilty to petit larceny, he would have him arrested on a charge of burglary.    Whether these agents acted maliciously in making these threats, in the sense which the law ascribes to the term "malice," is immaterial.    Before recovery can be had for malicious prosecution, the instigator of the prosecution must be shown to have acted both maliciously and without probable cause.    In this case respondent clearly failed to establish even a *prima facie* case of want of probable cause on the part of appellant in causing his arrest for petit larceny. The confession of Smith implicating respondent in crime, and the fact that respondent concealed the three suits of underwear in his possession, because he suspected they had been stolen, fully justified appellant in causing his arrest on a charge of petit larceny for goods taken in one county, and brought to another.

On the conceded facts before it, as a matter of law, the trial court should have told the jury that respondent could not recover in respect to said cause of action.    What distinction of a substantial nature the lower court had in mind between respondent's right to recover on the fourth cause of action and his third cause of action, we are at a loss to comprehend. On the very day respondent was discharged on the petit larceny charge, he was arrested on the burglary charge.    Involved in both alleged crimes were articles of merchandise

claimed to have been taken, or attempted to have been taken, on or about the same date. That quilts were the subject of the one alleged larceny, and quilts and underwear the subject of the other alleged or accomplished or attempted larceny, made no difference, so far as probable cause for a belief that either crime had been committed by respondent was concerned. And yet, properly enough (although the ruling is not directly before us for consideration), the case as to the fourth cause of action was dismissed. The two alleged crimes are not distinguishable so far as appellant's motive in the prosecution of them was concerned. The inconsistency of the trial court is manifest.

There are numerous other errors assigned in respect to the court's instructions to the jury. These, however, it is unnecessary for us to consider. The case is reversed, with directions to the lower court to enter judgment in favor of appellant.

*Reversed.*

PEMBERTON, C. J., and HUNT, J., concur.