MICHAEL F. FOX vs. JAMES N. SMITH.

PROVIDENCE—FEBRUARY 1, 1904.

PRESENT: Tillinghast, Douglas, and Dubois, JJ.

(1) *Malicious Prosecution. Probable Cause.*

In an action for malicious prosecution, while a want of probable cause may be shown *prima facie* by the discharge of the defendant by the examining magistrate where the authority of the magistrate is limited to binding over the defendant, this is not so where the original case was within the jurisdiction of the magistrate, and in such case the discharge of the defendant does not raise the presumption of want of probable cause.

TRESPASS ON THE CASE for malicious prosecution. Heard on petition of plaintiff for new trial after nonsuit, and denied. See same case, reported in 25 R. I. 255.

TILLINGHAST, J. This is trespass on the case for malicious prosecution.

At the trial of the case in the Common Pleas Division the plaintiff was nonsuited, and the case is now before us on the plaintiff's petition for a new trial on the ground that the court erred in granting the defendant's motion for a nonsuit.

The only question presented for our decision is whether proof of the plaintiff's trial, acquittal, and discharge, in the District Court made out a *prima facie* case of want of probable cause.

The record of the District Court, which was produced and put in evidence by the plaintiff, was as follows, viz.: "March 9th, *James N. Smith* v. *Michael F. Fox*—Cady, officer—came up March 9th, final adjudication March 11th. Plea, not guilty, trial, not guilty. Defendant discharged."

The offence with which the plaintiff was charged in the criminal case brought against him by the defendant was that of attending a cock-fight in February, 1902, and the case was one which was within the jurisdiction of said District Court to try and determine.

That a *prima facie* case of want of probable cause is made out by the plaintiff in an action of this sort by proving his discharge by the examining magistrate in the criminal prosecution seems to be the generally accepted doctrine of the courts in this country (see Newell on Malicious Pros. 290 and cases in note), although there are strong cases to the contrary. See *Stone* v. *Crocker*, 24 Pick. 81; *Israel* v. *Brooks*, 23 Ill. 575; *Sweeney* v. *Perney*, 40 Kan. 102.

Amongst the States in which it is held that want of probable cause is shown *prima facie* in manner aforesaid are Iowa,, Louisiana, Maine, Maryland, Michigan, North Carolina, Pennsylvania, West Virginia, and Wisconsin. See cases collected in 19 A. & E. Ency. of L., 2d edition, page 665, title "Discharge by Examining Magistrate," note 1.

In Greenl. Ev. vol. 2, 16th ed. § 455, the same doctrine is laid down. Mr. Cooley, in his valuable work on Torts, 2nd ed. p. 213, says: "An acquittal and discharge by a magistrate having power to bind over is evidence of want of probable cause, as is the ignoring of a bill by a grand jury. But neither of these is conclusive."

(1)    The ground upon which the courts hold that want of prob-
able cause is shown *prima facie* by the discharge of a defendant
by the examining magistrate is that, unless the complainant is
able to produce a sufficient amount of evidence to warrant
the magistrate in binding the defendant over to await the
action of the grand jury—that is, evidence of probable guilt—
this fact alone, *prima facie*, shows want of probable cause.

And we think this seems to be reasonable, for in a bind-
over proceeding, so-called, all that the complainant is called
upon to show is, not that the defendant is guilty, but that there
is probable cause to believe him to be guilty; or, in other words,
that he is probably guilty.    And if the complainant fails to
make out such a case against the defendant, there is certainly
reasonable ground for holding that, *prima facie*, the proceed-
ing was instituted without probable cause.

In cases which are within the jurisdiction of the magistrate
to try and determine, however, a very different state of facts
must be made to appear in order to warrant a finding of guilty.
For in such a case the prosecutor must prove not simply that
the defendant is probably guilty—which would show that
there was probable cause for the prosecution—but he must
prove that the defendant is guilty beyond a reasonable doubt.
And it is clearly unreasonable to hold that the failure of the
prosecutor to make out such a case is *prima facie* evidence
of want of probable cause in instituting the criminal proceed-
ing.    An acquittal may result from some technical error or
irregularity, or other circumstance having no bearing on the
.question of probable cause for the prosecution; the com-
plainant may be unable to produce a material witness, and
many other facts may exist which, while having a bearing
upon the action of the court, have no bearing whatever on
the question of probable cause.

The case of *Philpot* v. *Lucas*, 101 Iowa, 478, clearly illus-
trates the distinction between bind-over cases and cases which
are within the jurisdiction of the trial court.    That was a case
for malicious prosecution based upon the acquittal of the
plaintiff in an information brought against him by the defend-
ant charging him with the larceny of some chickens of the

value of two dollars. The offence charged was one which the trial court had jurisdiction to try and determine. .

In the trial of the case before the jury the court ruled that: "The discharge by a magistrate of a person accused of crime upon preliminary examination is *prima facie* evidence of want of probable cause."

In reviewing this ruling the Supreme Court said: "This was not a case of one accused of crime upon a preliminary examination. It was a case where, upon information filed before a justice of the peace, the plaintiff was accused of an offence; not indictable, but triable before the justice. Therefore, the charge, though correct, as applied to a case of one accused of a crime upon preliminary information (*Hidy* v. *Murray*, 101 Ia. 65) was inapplicable to the case at bar, where the crime as charged, petit larceny, was triable by the justice. Appellee contends that there could be no prejudice on account of this error, as the same rule of law is applicable to the case of one discharged on a hearing upon a preliminary information as to one discharged upon a trial for a crime which was triable by the justice of the peace. But such is not the law. It may be that the justice who tried the plaintiff was satisfied from the evidence that the defendant had probable cause for instituting the criminal proceedings. But that was not what he was to determine upon that trial. Having the power to try the plaintiff, it was his duty to find him not guilty, and to discharge him, unless he was satisfied beyond a reasonable doubt as to his guilt. Sitting as a magistrate and conducting a preliminary examination, he would have the very question of probable cause to try, and the evidence is on the side of the prosecution alone, as a rule, and *ex parte*. *Brant* v. *Higgins*, 10 Mo. 728. Probable cause does not depend upon the guilt of the accused party in fact, but upon the honest and reasonable belief of the party commencing the prosecution." "In the case at bar," said the court, "the question determined by the justice was the guilt or innocence of the plaintiff of the crime charged. If he had been sitting as a committing magistrate, he would have determined, not the guilt or innocence of the plaintiff, but·

whether the facts were such as tended to show that the plaintiff was probably guilty of the commission of a public offence. We need not extend this discussion, as the rule of law is well settled that the discharge of a defendant in a criminal prosecution does not raise even a presumption of want of probable cause." See cases cited in support of this proposition.

The court, therefore, held that the instruction referred to was erroneous, and prejudicial as it was not applicable to the case, and reversed the finding below. See also 19 A. & E. Ency. of L. 2nd ed. pp. 665–6.

In *Frost* v. *Holland*, 75 Me. 108, the court says: "In an action for malicious prosecution, the want of probable cause will not be inferred from the mere failure of the prosecution, nor from a mere acquittal upon trial. But the weight of authority seems to be in accordance with the ruling, that proof that the plaintiff was discharged by the examining magistrate, for want of probable cause to believe him guilty, makes a *prima facie* case for the plaintiff in this respect, so that the defendant is called upon to offer proof to the contrary."

While the authorities bearing upon the question now under discussion are not uniform, yet we think that those which sustain the view we have taken are based upon the better reason, and we therefore follow them.

In this connection it may be pertinent to remark that actions for malicious prosecution are not favored in law, for the reason that they tend to discourage prosecution for crimes by exposing the prosecutors to civil actions. And hence it is that the law requires clear proof of malice and want of probable cause on the part of the plaintiff, in a case of this sort.

The previous cases decided by this court clearly appear to sustain this position. See *King* v. *Colvin*, 11 R. I. 582; *Newton* v. *Weaver*, 13 R. I. 616; *Goldstein* v. *Foulkes*, 19 R. I. 291.

Finally, it would certainly seem, at first blush, at any rate, that the question now before us has already been decided by this court in this very case when it was previously here (see 25 R. I. 255); for the record of the trial, acquittal, and discharge of the plaintiff (the defendant in the criminal proceeding) was put in evidence at the former trial and was the same

record which is now before us. And in the opinion which was written by Mr. Justice Dubois, he said: "In our opinion the verdict is strongly against the evidence, as there was no evidence at all of want of probable cause." If there was no evidence of want of probable cause at that time, there certainly is none at the present time; for, as suggested by Mr. Justice Blodgett at the trial of the present case, the evidence was the same as at the former trial, and hence he could see no reason why the former opinion of the court was not conclusive of the question raised.

It is true the particular question now presented was not discussed in the former opinion; and the case was then before the court on a petition for a new trial, and the court was considering that question in view of all the testimony in the case. But it would seem from the opinion, which, amongst other evidence, recites the record of the trial of the criminal proceeding, that the question now before us must have been in the mind of the justice who wrote the opinion, when he used the language above quoted.

But however this may be, we think, upon full consideration of the particular question now before us, that the plaintiff failed to show any evidence of want of probable cause, and hence that the nonsuit was properly granted.

Petition for new trial denied, and case remanded for further proceedings.

*John P. Beagan and John E. Bolan,* for plaintiff.
*James C. Collins, Jr.,* for defendant.