BEADLE, APPELLANT, *v.* HARRISON, RESPONDENT.

(No. 4,226.)

(Submitted November 18, 1920. Decided December 6, 1920.)

[194 Pac. 134.]

*Malicious Prosecution — Complaint — Sufficiency — Defenses — Burden of Proof—Malice—Presumptions—Conflict in Evidence—Directed Verdict—When Error—Default Judgments —Setting Aside.*

Default Judgment—Setting Aside—Discretion.
    1. A stronger showing of abuse of discretion should be made to warrant a reversal where the trial court has opened a default than where it has refused to do so, the courts favoring a trial on the merits.

Same—When Order Proper.
    2. Where there has been a reasonable excuse for a default offered with reasonable diligence, the motion to vacate it should be granted and trial on the merits had.

Malicious Prosecution—Evidence—Inadmissibility.
    3. The defendant in an action for malicious prosecution may not be permitted to testify that he disclosed to an officer all the facts and circumstances, out of which the criminal prosecution against plaintiff arose, without stating what they were.

Advice of counsel as defense to an action of malicious prosecution, see notes in 1 Ann. Cas. 932; 11 Ann. Cas. 954; Ann. Cas. 1912D, 423.

Malicious prosecution, is the question of probable cause for the court or for the jury, see notes in L. R. A. 1915D, 1; Ann. Cas. 1912C, 1043.

The question as to when malice may be inferred in action for malicious prosecution is discussed in a note in 9 L. R. A. (n. s.) 1087.

What constitutes malice as element of malicious prosecution, see note in 21 Ann. Cas. 756.

Same—Evidence—Erroneous Admission—Harmless Error.

4.  Error in permitting defendant in action for malicious prosecution to state generally that he made a full and fair disclosure of the facts to a justice of the peace, without stating what they were, was harmless where it appeared that arrest was not made pursuant to any statement so made, but that proceedings before the justice were abandoned and a new action instituted after consultation with the county attorney.

Same—Evidence—Good Faith in Instituting Criminal Action.

5.  A question asked defendant whether, at the time he made complaint to a justice of the peace and interviewed the county attorney relative to the larceny of a horse by plaintiff in an action for malicious prosecution, he believed in good faith that the latter had stolen the animal, was not objectionable as calling for a conclusion.

Trial—Testimony Impeaching Witness—When Proper.

6.  Testimony as to alleged statements of plaintiff tending to discredit his statements on the stand, *held* properly admitted, the proper foundation having been laid, and the evidence tending to impeach plaintiff.

Malicious Prosecution—Complaint—Sufficiency—What Matter of Defense.

7.  A complaint for malicious prosecution, alleging the commencement of the criminal prosecution against the plaintiff at the instigation of the defendant, want of probable cause, malice, favorable termination, and the amount of damages, states a cause of action, it not being incumbent upon plaintiff to negative consultation with counsel and a full disclosure of the facts, this being a matter of defense.

Same—Burden of Proof.

8.  In an action for malicious prosecution, the burden is on the plaintiff to prove that the defendant acted maliciously and without probable cause.

Same—Malice—Presumptions.

9.  In an action for malicious prosecution, malice may be presumed in the absence of probable cause.

Same—Defense—Probable Cause.

10.  Defendant in an action for malicious prosecution may make out a complete defense of probable cause by showing that he submitted to counsel a statement conforming to the legal requirements concerning the guilt of the accused, that in good faith he received advice justifying the prosecution and acted on that advice in instituting the proceedings complained of, and on such a showing he is entitled to immunity, although it may appear that the facts did not warrant the advice, or that the accused was innocent.

Same—Conflict in Evidence—Directed Verdict for Defendant—Error.

11.  Where the evidence in an action of the nature of the above was in sharp conflict on the issues involved, the court committed error in directing a verdict for defendant.

*Appeal from District Court, Yellowstone County; Charles A. Taylor, Judge.*

ACTION by F. B. Beadle against E. E. Harrison. From a judgment for defendant and an order denying his motion for a new trial, plaintiff appeals. Reversed and remanded.

*Messrs. Grimstad & Browne,* for Appellant, submitted a brief; *Mr. O. K. Grimstad* argued the cause orally.

The defendant in an action of this kind cannot testify to the fact that he has told all the facts to the attorney, or that he has not concealed anything, nor can he testify to the fact that he believed the defendant guilty. These are matters entirely for the jury to determine upon the facts and circumstances. (*Brooks* v. *Bradford*, 4 Colo. App. 410, 36 Pac. 303; *Lansky* v. *Prettyman*, 140 Mich. 40, 103 N. W. 538; *Struby-Estabrook Mercantile Co.* v. *Kyes*, 9 Colo. App. 190, 48 Pac. 663; *Jonasen* v. *Kennedy*, 39 Neb. 313, 58 N. W. 122; *Ross* v. *Kerr*, 30 Idaho, 492, 167 Pac. 654.)

In considering whether or not there was probable cause, the facts in evidence bearing upon the question of whether or not such a state of facts existed as would lead a man of ordinary care and prudence to believe that the defendant did believe that a crime had been committed and that the plaintiff had committed it must be taken into consideration. (*Martin* v. *Corscadden*, 34 Mont. 308, 86 Pac. 33.) As to the question of fraud, when there is no conflict in the evidence, no disputed facts nor any doubt upon the evidence, the inference to be drawn from it is one of law to the court and not one of fact to the jury; but upon a doubtful state of facts, the question is addressed to the jury. (*Ross* v. *Kerr, supra; Heyne* v. *Blair*, 62 N. Y. 19; *Galley* v. *Brennan*, 216 N. Y. 118, 110 N. E. 179; *Orefice* v. *Saverese*, 61 Misc. Rep. 88, 113 N. Y. Supp. 175; *Woodworth* v. *Mills*, 61 Wis. 44, 50 Am. Rep. 135, 20 N. W. 728.)

Under the law, it is necessary for the defendant to show that he made a full and fair disclosure of all of the facts within his knowledge to a counsel learned in law. If he had reason to believe that there were other facts bearing upon the question of the guilt or innocence of the accused, these facts,

likewise, must have been disclosed to the attorney, and if there were facts which, with reasonable diligence could have been found, they likewise should have been disclosed to the attorney, and it was for the jury under all circumstances to determine whether or not the defendant made a fair and full statement of the facts which were known to him. (*Hess* v. *Oregon German Baking Co.*, 31 Or. 503, 49 Pac. 803; *Dunlap* v. *New Zealand Fire & M. Ins. Co.*, 109 Cal. 365, 42 Pac. 29; *Grorud* v. *Lossl*, 48 Mont. 274, 136 Pac. 1069; *Brooks* v. *Bradford*, 4 Colo. App. 410, 36 Pac. 303.)

Even if the record discloses the fact that the defendant told the attorney all the facts which he knew, or which he could, with reasonable diligence, have acquired, it was still a question for the jury to determine whether or not the defendant acted upon it in good faith, believing that the plaintiff was guilty of the offense charged. (*Seabridge* v. *McAdam*, 108 Cal. 345, 41 Pac. 409.) The court cannot direct a verdict where it appears that on any reasonable view of the evidence the facts established would warrant a verdict. (*Stewart* v. *Stone & Webster Engineering Co.*, 44 Mont. 160, 119 Pac. 568; *McCabe* v. *Montana Cent. Ry. Co.*, 30 Mont. 323, 76 Pac. 701.)

*Messrs. Nichols & Wilson* and *Messrs. Young & Young,* for Respondent, submitted a brief; *Mr. Harry L. Wilson* argued the cause orally.

It is urged that the question whether or not Harrison had "probable cause" for procuring Beadle's arrest was one for the jury. With this contention we take issue under the circumstances of this case. On this phase of the case counsel have cited a considerable number of authorities which merely support the general rule that when there is a substantial conflict in the testimony as to the facts relied upon, either to establish probable cause or the want of probable cause, then the question, like any other disputed question of fact, becomes one for the consideration of the jury. But as stated in the appellant's brief, "when there is no conflict in the

evidence, no disputed facts, nor any doubt upon the evidence, the question of probable cause is one of law for the court and not one of fact for the jury." (*Ross* v. *Kerr,* 30 Idaho, 492, 167 Pac. 654.)

Where one before the commencement of a criminal prosecution in good faith discloses to the prosecuting attorney all the facts within his knowledge, or which he has reasonable ground to believe, relating to the offense, and is advised to institute the prosecution, he is not liable as having acted without probable cause, though there were other exculpatory facts which he might have ascertained by diligent inquiry. (*Hess* v. *Oregon German Baking Co.,* 31 Or. 503, 49 Pac. 803; *Putnam* v. *Stalker,* 50 Or. 210, 91 Pac. 363; *Saunders* v. *Baldwin,* 112 Va. 431, Ann. Cas. 1913B, 1049, 34 L. R. A. (n. s.) 958, 71 S. E. 620; *Smith* v. *Austin,* 49 Mich. 286, 13 N. W. 593; *Johnson* v. *Miller,* 69 Iowa, 562, 58 Am. Rep. 231, 29 N. W. 743; *Dunlap* v. *New Zealand Fire & M. Ins. Co.,* 109 Cal. 365, 42 Pac. 29; *Ball* v. *Rawles,* 93 Cal. 222, 27 Am. St. Rep. 174, 28 Pac. 937; *Smith* v. *Liverpool etc. Ins. Co.,* 107 Cal. 432, 40 Pac. 540; *Monaghan* v. *Cox,* 155 Mass. 487, 31 Am. St. Rep. 555, 30 N. E. 467; *St. Johnsbury etc. R. Co.* v. *Hunt,* 59 Vt. 294, 7 Atl. 277.) In the case of *Smith* v. *Liverpool etc. Ins. Co., supra,* it is held that in an action for malicious prosecution it is for the court to determine whether certain admitted or clearly proven facts constituted probable cause.

In support of the general rule that advice of counsel, and particularly of the public prosecutor, based upon a full and fair statement of the facts as known or understood by the complainant, is a complete defense to an action for malicious prosecution, innumerable authorities will be found in the very exhaustive notes to the following cases: *Shea* v. *Cloquet Lumber Co.,* 92 Minn. 348, 1 Ann. Cas. 930, 100 N. W. 111; *King* v. *Apple River Power Co.,* 131 Wis. 575, 120 Am. St. Rep. 1063, 11 Ann. Cas. 951, 111 N. W. 668; *Nance* v. *Cash,* 143 Ky. 358, Ann. Cas. 1912D, 422, 136 S. W. 619; *Van Meter* v. *Bass,* 40 Colo. 78, 18 L. R. A. (n. s.) 49, 90 Pac. 637.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This is an action for damages for malicious prosecution growing out of a criminal proceeding, instigated by Harrison, in which Beadle was accused of the larceny of a horse, arrested in the state of Iowa, and returned for trial. The criminal prosecution was dismissed on motion of the county attorney, after the commencement of the trial.

Service of the summons and a copy of the complaint herein was had on the defendant, on September 26, 1916. No appearance having been made within the statutory time, default was entered. On motion of the defendant, based on affidavits, the court opened the default and permitted the defendant to file his answer, admitting the instigation of the prosecution and its termination in favor of plaintiff, but denying want of probable cause and malice and affirmatively alleging probable cause and action on the advice of the county attorney, after a full and fair disclosure of all of the facts.

The cause was tried to a jury, and at the close of the case the court, on motion of counsel for the defendant, instructed the jury to return a verdict in favor of the defendant. The plaintiff appeals from the judgment and from an order denying his motion for a new trial.

1. Plaintiff first contends that the court erred in sustaining the motion to open the default. We have examined the record, and cannot say that the same discloses an abuse of discretion which would warrant this court in reversing the ruling of the trial court. Upon a similar showing, a like order was sustained in the case of *Voelker* v. *Golden Curry Min. Co.*, 40 Mont. 466, 107 Pac. 414.

A stronger showing of an abuse of discretion should be made [1, 2] to warrant a reversal where the trial court has opened a default than where it has refused to do so, for the courts almost universally favor a trial on the merits, and where there has been a reasonable excuse for the default offered with reasonable diligence, such a trial should be had. (*Farmers' Cooperative Assn.* v. *Roper*, 57 Mont. 48 (on motion for rehear-

ing), 188 Pac. 141; *Collier* v. *Fitzpatrick,* 22 Mont. 553, 57 Pac. 181; *Greene* v. *Montana Brewing Co.,* 32 Mont. 102, 79 Pac. 693; *Westphal* v. *Clark,* 46 Iowa, 263.)

2. The second specification predicates error on the court's [3–5] action in overruling plaintiff's objections to two questions propounded to the defendant. First: "You went down to Custer and informed the justice of the peace of the facts you then possessed?" Second: "At the time you made the complaint to the justice of the peace at Custer, and at the time you interviewed the county attorney in Billings, did you not believe in good faith that this man Beadle had stolen this horse and was guilty of larceny?"

If the first question was intended, as counsel contend it was, to elicit the answer that the complaining witness made a full and fair disclosure of the facts, without stating what facts he disclosed, the objection was well taken, for a complaining witness is not permitted to testify that he related all of the facts and circumstances, without stating what they were. (*Jonasen* v. *Kennedy,* 39 Neb. 313, 58 N. W. 122; *Ross* v. *Kerr,* 30 Idaho, 492, 167 Pac. 654.) However, if error was committed, it was not material, for the record discloses that the arrest was not made pursuant to any statement made by Harrison to the justice of the peace at Custer, but, after the proceedings there had been abandoned and a new action instituted at Billings, after consultation with the county attorney.

The second question does not call for a conclusion, but for the statement of a fact as to the belief of the witness and was not open to the objection urged.

The question set out in the fifth specification is of like nature, and the objection thereto was properly overruled.

3. The third specification is that the court erroneously [6] permitted a witness to testify to alleged statements of the plaintiff which would tend to discredit his testimony on the stand. The proper foundation was laid, and the evidence did tend to impeach the plaintiff, and was therefore properly admitted.

4. A witness was permitted to testify that a certain note was fully paid by Harrison. It is contended that the testimony was immaterial, and its admission constitutes error. Both parties were permitted to go at length into their financial transactions, and, if any of the evidence was material, no error was committed.

5. The sixth assignment is that the court erred in sustaining defendant's motion for directed verdict and in directing the jury to return a verdict for defendant. The motion is based on two grounds: (a) That the complaint does not state facts sufficient to constitute a cause of action; and (b) that the evidence is not sufficient to warrant a verdict in favor of the plaintiff.

(a) The complaint alleges the commencement of the criminal [7] prosecution against the plaintiff, at the instigation of the defendant, want of probable cause, malice, favorable termination, the damage suffered, and the amount thereof, and was therefore sufficient to state a cause of action. (*Stephens* v. *Conley,* 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189.) The plaintiff was not called upon to negative consultation with proper counsel and a full and fair disclosure of the facts, as that is purely a matter of defense.

(b) The only contention as to the evidence, made either in the brief or argument of counsel for appellant, is that "Nowhere in the testimony of Mr. Harrison is there any showing that he disclosed that he had borrowed money from Mr. Beadle, nor did he disclose to the county attorney the names of the witnesses in the case; nor was there any testimony to show that Mr. Harrison had disclosed to the county attorney that Mr. Beadle had used the horse and ridden it around the country, or that he had taken this horse, with some other horses, over to the farm which he [Beadle] had leased."

All these matters were immaterial, and would tend neither to prove nor disprove the guilt of the accused, and if they were the only matters to be considered, we would have no hesitancy in affirming the ruling of the court in this particular; but the motion on which the court acted challenges the entire

record of the testimony, and we must determine from the transcript thereof whether the court was justified in taking the case from the jury.

In an action for malicious prosecution, the burden is on the [8] plaintiff to prove that the defendant acted maliciously and without probable cause. (*Weaver* v. *Montana Cent. Ry. Co.,* 20 Mont. 163, 50 Pac. 414; *Grorud* v. *Lossl,* 48 Mont. 274, 136 Pac. 1069; *Stephens* v. *Conley, supra.*) This burden the plaintiff assumed, and for the purpose testified on direct examination that he and defendant came to Montana together; that on the way he loaned defendant $50, which was to be repaid after they reached their destination. He then testified: "The money was not paid back to me until I bought the horse at Melstone, in the stockyards. * * * Johnnie McIntire was there, and he owned the horse in question, and I looked at this horse, and I wanted to buy it. Mr. Harrison looked at it, and said he did not want to buy it; it was too small. I ain't buying it for anybody else but for myself, I want him, he is big enough for me, so I bought the horse and told McIntire, I says, 'Mr. Harrison will be along in a few minutes, and I will make him give me a check for the horse.' You see he hadn't given me a check up to that time, so when he came along I says to him, 'Mr. Harrison, give Johnnie McIntire a check for $50 for this horse and saddle—I bought him and pay for him—and charge it to me,' which he did."

Plaintiff also related a purported conversation with defendant, in the presence of one Boyd Cabeen, stating: "Mr. Harrison made the proposition that he would run me a horse-race, one horse for the other. I said, 'I ain't that sporty; I know your horse is better than mine.'" Cabeen on the witness-stand corroborated him. Again, on cross-examination, having testified that Harrison owed him money at the time he went to Iowa, plaintiff stated: "Why no, that had nothing to do with my taking the horse away with me. I took the horse because it was my horse, I sold him and got the money—sold the same as I would sell a jackknife or anything else that belonged to me. * * * The alleged indebtedness between

Harrison and me had nothing to do with my selling the horse.''

This evidence, if uncontradicted, was sufficient to establish
[9] want of probable cause, and from the absence of probable
cause malice may be presumed. (*Martin* v. *Corscadden,* 34
Mont. 308, 86 Pac. 33; *Grorud* v. *Lossl, supra.*) The plaintiff
thus made out a *prima facie* case. In *Martin* v. *Corscadden,*
this court said: ''All the books agree that the plaintiff must
prove both want of probable cause and malice, and that, where
the absence of the former is established, the presence of the latter
may be inferred. In other words, when the proof tends to show
the absence of the former, a *prima facie* case is made for the jury.
The burden then rests upon the defendant to rebut the *prima
facie* case; and this he must do by any evidence tending to show
the existence of probable cause and the want of malice on his
part.'' The defendant, it is true, met this requirement by claim-
[10] ing absolute ownership of the horse, detailing the circum-
stances of its purchase and a denial of all the statements of
plaintiff and his witness, and by the affirmative defense that
he fully and fairly and in good faith disclosed all of the facts
to the county attorney. If his version of the transaction is
true, he made out a complete defense, for ''it is the general
rule that in an action for malicious prosecution defendant may
make out a complete defense of probable cause by showing
that he submitted to proper counsel a statement conforming
to the legal requirements concerning the guilt of the accused;
that in good faith he received advice justifying the prosecu-
tion, and acted on that advice in instituting the proceedings
complained of; and that, if he showed these things, he is en-
titled to immunity from damages, although it may appear
that the facts did not warrant the advice, or that the accused
was innocent.'' (32 Cyc. 31.)

On the other hand, if the plaintiff's version is correct, that
[11] evidence tends to establish, not only want of probable
cause and malice, but it tends also to prove that the defend-
ant did not, in good faith, make a full and fair statement of
all the facts to the county attorney, for we must assume that
he knew that the horse belonged to the plaintiff, and that the

plaintiff had not stolen it.   The evidence thus presents a sharp conflict between the statements of the plaintiff and defendant, and its credibility, with .the inferences justly deducible from it, was a question for the jury.   (*Martin* v. *Corscadden; Grorud* v. *Lossl, supra.*)   It is therefore clear that the court erred in instructing the jury to return a verdict for the defendant.

The judgment and order appealed· from are reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and COOPER concur.