SCHOLL *v.* SCHNEBEL.

(*City Court of Brooklyn*, *General Term.* February 24, 1890.)

1. MALICIOUS PROSECUTION—EXCESSIVE DAMAGES.

Plaintiff was authorized by defendant to put the latter's name on the note of a third party, with which plaintiff was to pay a debt of defendant, and did so, openly, in the presence of the creditor. Defendant subsequently had business troubles with plaintiff, and, without telling counsel all the facts, caused plaintiff's arrest for forgery, and then abandoned the prosecution. Plaintiff was locked in a cell for nearly four hours, and then gave bail. *Held*, that a verdict for $1,000 for the malicious prosecution was warranted.

2. SAME—PLEADING—ACQUITTAL.

An allegation that the magistrate did acquit plaintiff was sufficient, without amendment, as the magistrate could only take an examination on such a charge, and a discharge, whether after testimony was given, or without testimony, was an acquittal.

Appeal from trial term.

An action for malicious prosecution brought by Anton Scholl against Nicholaus Schnebel. Verdict and judgment for plaintiff. Defendant appeals.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*A. Simis, Jr.*, for appellant. *Moffett & Kramer*, for respondent.

CLEMENT, C. J. This action was brought to recover damages for a malicious prosecution, and at the trial term the plaintiff recovered a verdict for the sum of $1,000. The counsel for the appellant contends that the verdict is against the weight of evidence, and that the damages are excessive; and therefore, as there is an appeal from the order denying the new trial on the minutes, we are called upon to review the facts of the case. The plaintiff was a wheelwright, and the defendant a blacksmith, and they carried on their business in adjoining premises, and performed work, occasionally, on joint account; and the plaintiff bought goods in the name of the defendant, with his consent, of Nicholas Langler. About May 16, 1887, plaintiff received a note, to his own order, of one John Connelly, for $50, for a debt due the plaintiff, who took the same to Langler, to pay a debt of defendant; and defendant told plaintiff to put his (defendant's) name on the note, if Langler would not take it otherwise. The plaintiff presented the note to Langler, who declined to receive it unless defendant indorsed it, whereupon the plaintiff, without any concealment, and in the presence of Langler, wrote the name of defendant on the back of the note. Subsequently, and about June 30, 1888, the defendant caused plaintiff to be arrested on the charge that he forged the indorsement of said note. The plaintiff was locked up in a cell for nearly four hours, and then gave bail; and subsequently the defendant abandoned the case, and the criminal proceedings were dismissed. The foregoing statement of facts covers the testimony of the plaintiff; but in many important particulars he was

corroborated by Mr. Langler, viz., that Scholl gave him the note on Schnebel's account, and that he knew that the goods were ordered for Schnebel, and that the indorsement was made at his (Langley's) request, and in his presence. The defendant contradicted the testimony of the plaintiff, but the verdict of the jury has settled the questions of fact.

After carefully reading the testimony, we are satisfied that the jury were justified in concluding that there was a want of probable cause, and that the defendant acted with malice. Scholl, the plaintiff, on the testimony of Mr. Langler, did not forge the name of defendant. He was paying a debt of Schnebel's, and Langler would not take a note of a third party without Schnebel's indorsement. Langler evidently thought that the plaintiff was acting for Schnebel; and the jury, in this case, also so found. Schnebel, having subsequently had business troubles with Scholl, goes to a police court, and, without telling counsel all the facts, makes a complaint against Scholl, and then abandons the prosecution. Frequently cases of this description are before the courts; and, when a verdict.for a large amount is rendered, it seems at first excessive, but on reflection the first impression is removed. A party, in the heat of passion, causes the arrest of a former clerk or partner on the advice of a lawyer who frequents police courts, and is looking for a small fee, and, in order to obtain the same, recommends a criminal prosecution. The person arrested is found on an examination to be not guilty, and, after having been disgraced by confinement in a cell, and published to the world as a felon, necessarily seeks redress in a suit for damages. In this case the defendant had no grounds whatever on which to base a charge for forgery against the plaintiff, and he so knew when he caused the arrest; and we therefore think that the verdict was not against the evidence, and the damages were not excessive.

The allegation in the complaint that the magistrate did acquit the plaintiff was sufficient, without any amendment, because the magistrate could not try a person charged with forgery. He could only take an examination; and a discharge, whether made after testimony was given, or without testimony, was an acquittal. The proceedings before the. magistrate were only admitted to show the discharge, and no specific objection was made on the trial as to the admission of the papers which precede the decision of the justice.

The other exceptions we have examined, and do not think well taken. Judgment and order denying new trial affirmed, with costs.