# Madison *v.* Pennsylvania Railroad Company, Appellant.

*Malicious prosecution—Malice—Plaintiff's testimony conclusive of absence of malice.*

In an action for malicious prosecution, the plaintiff is not entitled to recover where it appears from his own testimony that the investigation which led o his arrest was instituted by the police for the purpose of discovering criminals who were engaged in a series of systematic robberies of the cars of the defendant, a railroad company.

Public policy and the demands of public justice cannot permit a jury to punish a prosecutor where the inference of malice, drawn from the discharge of the plaintiff by the magistrate, is rebutted by plaintiff's own testimony disclosing circumstances showing entire absence of malice.

A jury ought not to be permitted to infer malice from the mere want of probable cause, when, by other circumstances, it is disproved.

Argued Jan. 7, 1892.     Appeal, No. 373, Jan. T., 1891, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1889, No. 771, on verdict for plaintiff, George M. Madison. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for malicious prosecution.

At the trial before HARE, P. J., it appeared that prior to August, 1887, there had been a series of robberies from the freight cars of the defendant at its yards in Philadelphia. Two detectives of the city police force discovered certain property in a pawn shop which they believed to have been stolen from the company. They reported their discovery to the officers of the company, and the goods were identified as a portion of the stolen property. Several arrests were made, and one of the arrested persons, an employee of the company, made a confession implicating the plaintiff, who was also an employee. An investigation was made, and the result of it was laid before the district attorney, who advised that the company had probable cause upon which it could proceed. An affidavit was made by a special police officer of the company in which George Mattson was mentioned as having stolen various articles from the defendant's cars. Upon this affidavit a warrant was issued, and the plaintiff was arrested. At the hearing before the magistrate Madison was discharged.

The defendant presented the following point :

" 7. Under all the evidence in the case the verdict should be for the defendant.    A. Refused."

Verdict and judgment for plaintiff.    Defendant appealed.

*Error assigned* was the answer to defendant's point.

*John Hampton Barnes, Geo. Tucker Bispham* with him, for appellants.—The evidence on the part of the plaintiff failed to show malice, the presumption of malice which would otherwise have arisen from the plaintiff's discharge and the consequent presumption of want of probable cause having been rebutted by the testimony of the plaintiff's witness, Howell.

The uncontradicted testimony shows that the facts were fully submitted to the district attorney, and the prosecution begun under advice from him.

All the evidence, in addition to the testimony of Lesley and the district attorney, still further rebutted the presumption of malice by showing the absolute existence of probable cause : Emerson v. Cochran, 111 Pa. 619–622 ; Laughlin v. Clawson, 27 Pa. 328 ; Smith v. Walter, 125 Pa. 453–469.

*Thomas Diehl, John A. Scanlan* with him, for appellee.— The plaintiff's prima facie case was made out by proof of two facts : first the arrest ; and second the discharge : Orr v. Seiler, 1 Pennypacker, 445 ; Smith v. Ege, 52 Pa. 421 ; Fenton v. Wilson Sewing Machine Co., 9 Phila. 195.

If the prosecutor fully and fairly lays the facts before counsel, and on his advice institutes the prosecution, it is a defence which is to be submitted to the jury : Smith v. Walter, 125 Pa. 468.

The rule as to probable cause is that it is a mixed question of law and fact.    The court determines whether a certain state of facts amounts to probable cause, and the jury decides whether such a state of facts exists : Le Maistre v. Hunter, Brightly's Rep. 502 ; Walbridge v. Pruden, 102 Pa. 6 ; Travis v. Smith, 1 Pa. 237 ; Wilson v. Iron Co., 33 Leg. Int. 445.

OPINION BY MR. JUSTICE MITCHELL, March 14, 1892.

When the plaintiff's own testimony was closed, he had shown an arrest and a discharge by the magistrate.    The discharge raised a presumption of want of probable cause, and from want of probable cause the jury were at liberty to infer malice.    But

plaintiff had not yet shown any connection of the defendant
with his arrest, and, to make out his case in that respect, he
called Howell, and, in showing the authority of the defendant
for the prosecution, this witness also showed the circumstances,
which were, a series of robberies of the defendant's cars in
West Philadelphia for something over a year, the investigation
first started by the police authorities of the city, reported by
them to the defendant, by it referred to the witness as its prop-
er officer, and by him put in the charge of one of his subordi-
nates (upon whose affidavit the arrest was subsequently made),
with instructions to consult the defendant's counsel, and to act
with the city authorities, the police and the district attorney.
The arrest was not of a stranger, totally disconnected with the
circumstances, but of an employee of the railroad, who had,
during part of the time, been engaged upon the branch, and in
the business where the robberies were taking place.

This was the case as it stood at the close of the evidence on
behalf of the plaintiff, and, as already said, the discharge raised
a presumption of want of probable cause from which, if it stood
unexplained, the jury would be at liberty to infer malice. Al-
though only an inference from a presumption, it is ordinarily
enough to carry the case to the jury, and put on the defendant
the burden of showing probable cause, or disproving malice.
But it was not alone and unexplained. The circumstances
clearly showed absence of malice. The crime was of very high
magnitude, a series of systematic and organized robberies, in-
volving not only great loss of property, but suspicion and in-
jury to the character of every employee on that branch of the
railroad. The investigation was begun by the police and was
prosecuted under their direction. The public purpose of dis-
covery of criminals and vindication of justice is apparent on
the face of the whole proceeding. As was said in Emerson v.
Cochran, 111 Pa. 622, " a jury ought not to be permitted to in-
fer malice from the mere want of probable cause, when, by
other circumstances, it is disproved."

Public policy and the demands of public justice cannot per-
mit a jury to punish a prosecutor for proceeding under circum-
stances such as disclosed in this case. It is doubtless a hard-
ship for plaintiff, an innocent man, to be subjected to arrest and
imprisonment. But that is an inevitable occasional result of

living in a civilized and orderly community. Some concession to public interests, and some sacrifice of individual rights, are part of the foundation on which society is supported.

The evidence on the part of the defendant strengthened and made conclusive the absence of malice, besides showing probable cause, but we have not thought it worth while to go into that part of the case. The plaintiff's case was defective in itself, because it carried with it an explanation of the circumstances which fully rebutted the inference of malice, which might have been drawn from the discharge unexplained.

The defendant's seventh point should have been affirmed.

Judgment reversed.