49  529
54  546

SOREN T. PETERSON v. FRANCIS E. REISDORPH.

FILED NOVEMBER 5, 1896.   No. 6653.

1. **Malicious Prosecution: EVIDENCE OF MALICE.** Where, in an action for malicious prosecution, the purpose of the proceeding complained of is shown to have been the collection of a debt, and not the enforcement of the laws against crime, malice may be inferred from that fact alone, the question being one of fact for the jury. (*Ross v. Langworthy*, 13 Neb., 492.)

2. ———: STATEMENTS TO COUNSEL. One who, before instituting a criminal prosecution, makes a full and complete statement to the prosecuting attorney of all the facts within his knowledge or

38

which he could ascertain by the exercise of reasonable diligence, bearing upon the guilt of the accused, and in good faith acts upon the advice of such officer, will not be liable to an action for malicious prosecution. But if he withholds from counsel in such case material facts within his knowledge, the advice received will be no protection in an action by the injured party.

3. ———: EVIDENCE. Evidence examined, and *held* to sustain the finding that the prosecution complained of was malicious and without probable cause.

ERROR from the district court of Douglas county. Tried below before OGDEN, J.

*W. M. Cowherd* and *George W. Poynton,* for plaintiff in error.

*David Van Etten, contra.*

POST, C. J.

The defendant in error, as plaintiff in the district court for Douglas county, recovered a judgment against the plaintiff in error in an action therein for malicious prosecution, and which has by means of the petition in error of the latter been removed into this court for review.

The prosecution upon which this action is based was commenced by the plaintiff in error before a justice of the peace for Douglas county on the 22d day of July, 1890. By the complaint lodged with said justice the defendant in error was charged with the removal from Douglas county, without the consent of the plaintiff in error, of certain personal property before that time mortgaged by him to the latter. Upon his arrest in obedience to a warrant issued pursuant to said complaint, the defendant in error was taken from his home in Saunders county to the city of Omaha, where, in default of bail for his appearance for examination on the day following, to-wit, July 24, he was committed to the jail of Douglas county. On the day last named the prosecution was, at the instance of the defendant therein, continued to the 23d day of August following, at which time a hearing was

had upon the merits of the charge, resulting in a finding for the defendant and an order discharging him from custody. That prosecution was, it is alleged, malicious and without probable cause. The answer consists of an admission of the prosecution, and the result thereof as charged, and a denial of the other allegations of the petition. Accompanying the answer is a counter-claim for $51 as a balance upon two promissory notes of the plaintiff therein for $35 and $50, respectively, to which further reference will hereafter be made. The plaintiff below in his reply admits the execution of the notes above described and pleads usury, and payment thereof in full.

Among the facts, as to which there is no controversy in the evidence, are the execution on the 15th day of January, 1887, of the $50 note above described, payable January 27 after date, secured by the mortgage of the defendant in error covering five head of horned cattle, one buggy, and one saddle; also, the execution on the 9th day of February, 1887, of the $35 note described, payable February 26 after date, secured by the mortgage of the defendant in error upon two cows; that the live stock described in said mortgage was, at the several dates above named, in the possession of the mortgagor in the city of Omaha, and that it was by him at a subsequent date, and during the existence of the lien created by such mortgages, removed from Douglas county to the county of Sarpy without the express consent of the said mortgagee. There was evidence tending to prove that said notes were usurious,—the one for $50 being confessedly so,—and that both were fully satisfied previous to the prosecution complained of. Defendant in error, as a witness in his own behalf, testified to the receipt by him for the note last mentioned of $40 only, and for the $35 note the sum of $30, and no more, the difference between the amounts so received and the face of the note,—$15,—being reserved by the plaintiff in error as interest. He also testified to payment upon such indebtedness at different times during the year 1887, amounting in the ag-

gregate to the sum of $55, and that the plaintiff was indebted to him for services rendered as a carpenter and joiner in the sum of $36.96, which amount he claimed the right to set off against the balance legally due upon said notes. In explanation of the removal of the mortgaged cattle from Douglas county he testified that, being unable to keep said cattle in the city of Omaha on account of the interference of the pound master, he removed them to Sarpy county in the spring of 1887; that quite soon thereafter he advised the plaintiff in error of the action so taken and that no objection thereto was interposed by the latter until about the time of said prosecution, in July, 1890. He testified further that said cattle were not returned to Douglas county subsequent to their removal therefrom in the year 1887, and that all had died previous to said prosecution, which statement finds support in the testimony of his son. The plaintiff in error on the other hand, in his own behalf, denied the payments alleged, except the sum of $10, which was admitted by him. He testified that defendant in error received credit for the value of his services as a carpenter upon a third past due note of the latter then held by him. He also denies notice of the removal of the mortgaged cattle and testified to seeing a portion of said property on the premises of the defendant in error in the city of Omaha about the time of the removal therefrom of the latter with his family to Saunders county in 1888, at which time he forbade the removal of said property without the payment in full of the mortgage debt. The following letter was also introduced in evidence by the plaintiff in error:

"ASHLAND, NEB., June 20, 1888.

"*Mr. S. T. Peterson, Omaha:* I have written you two or three letters, but got no answer from them, but I have got two from you full of threats. I told you in my first letter that nearly all the cattle I had had died, and with them the ones you had a mortgage on, and by losing them it left me without anything to raise money on, and the best I could do for you was to pay you as soon as I could

get my hay to market, which will be in four to five weeks from now. If you wait until I can do this you will get your pay and interest, but if you commence law you will get $47 and no interest. I would like to have you give me a chance to get through without law, but of course it is optional with yourself. Hoping you will keep quiet until I can pay you, I remain yours with respect,

"F. E. REISDORPH.

. "P. S.—The bull I sold was not the one you had a mortgage on."

Counsel strongly urge that the language above quoted is an admission that there was, at the date thereof, a balance due upon the notes above mentioned; but in answer to that contention it may be said that the evidence fails to identify the notes here in controversy as the subject of the correspondence to which reference is therein made. Again, it is said in explanation of the foregoing communication that it should be construed as a mere threat to interpose the plea of usury rather than an admission against the interest of the writer. It should also be observed in this connection that counsel sought by repeated, and we think proper, questions to show by the testimony of the defendant in error the charges and credits which were taken into account in order to reach the balance of $47 mentioned in said communication, but which evidence was excluded on the objection of the plaintiff in error. The issue upon this branch of the controversy was purely one of fact, and the jury were, upon the evidence, warranted in finding that the prosecution complained of was without probable cause, and that the purpose of the plaintiff was thereby to enforce the payment of a debt rather than the vindication of the law. The jury were also, as said in *Ross v. Langworthy*, 13 Neb., 492, from that fact alone warranted in finding that the prosecution was malicious. Plaintiff in error claims that previous to said prosecution he made a complete and true statement of the facts in the case to Hon. T. J. Mahoney, county attorney for Douglas county, upon whose advice he in good

faith relied, in the action subsequently taken by him. It was said by NORVAL, J., in *Dreyfus v. Aul*, 29 Neb., 191, that in order to establish probable cause by proof that the prosecutor acted upon the advice of counsel, it must appear that the advice of such counsel was in good faith sought upon a statement of the real facts of the case. It is not pretended that Mr. Mahoney was advised of the claim that there was at that time nothing due plaintiff in error on said notes, and that although notified of the removal of the cattle from Douglas county as early as the spring of 1887, he interposed no objection on that account for more than two years thereafter, and that, assuming the act of removal to have been fraudulent within the meaning of the Criminal Code, the prosecution, therefore, was barred by virtue of the statute of limitations. The question of the truthfulness of his statements as the foundation of the advice upon which he claims to have acted was fairly submitted to the jury, and with the finding against his contention we are unable to interfere.

Exception is taken to certain paragraphs of the instructions given at the request of the plaintiff below, and to the refusal of certain others requested by the defendant therein. But those to which our attention is directed by the arguments of counsel are by the assignments of the petition in error, as well as the motion for a new trial, grouped with others, to which no exception is taken and which, without doubt, embody the law applicable to the issues presented. The cause below appears to have been fairly and impartially tried, and there being no error apparent from the record, the judgment will be

AFFIRMED.