BUCHANAN v. ANDERSON.

1. WILLS—FINDING OF FACT.—The appellant has failed to satisfy this Court that the finding on Circuit that the will in question was destroyed by testator, is against the preponderance of the evidence.

2. IBID.—Where husband and wife adopt the same instrument as their will, both executing the same paper, which does not dispose of joint, but separate property, it is a double will, and either may revoke it in absence of a valuable consideration to support an agreement to dispose of their property in the manner set forth in the will.

Before TOWNSEND, J., Greenwood, March term, 1904. Affirmed.

Action by Annie Buchanan and William C. White against J. Foster Anderson, administrator of Wesley C. Anderson, *et al.* From Circuit decree, plaintiffs appeal.

*Messrs. Graydon & Richardson* and *S. H. McGhee,* for appellants, cite: *There was an agreement to make mutual wills:* 1 DeS., 116; 1 Dick., 419; 1 Will. on Ex., 167. *And Courts will not permit one party to break it:* 48 S. C., 86; 57 S. C., 559; 8 B. Mon., 530.

*Mr. E. S. F. Giles,* contra, cites: *Is this a joint will?* 38 L. R. A., 291; 82 Am. Dec., 474; 4 D. & B. (N. C.), L., 558; 44 Ala., 454; 28 Ga., 98; 103 Mass., 403; 10 L. R. A., 93.

February 15, 1905.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    The facts of this case are set out in the following decree of his Honor, the Circuit Judge:

"The complaint in the action sets out that W. C. Anderson and his wife, Amanda E. Anderson, made a joint and mutual will, giving their property to the survivor for life and then to the plaintiffs. The wife died first and left the will in existence. After the death of the husband, the will could not be found, but the plaintiffs believed that the will was not destroyed by the husband, and they asked leave to establish it as a lost will. There was no express agreement to make such a will, as there was in the case of *Turnipseed* v. *Sirrine,* 57 S. C., 550, 35 S. E., 757, and *Fogle* v. *Church,* 48 S. C., 86, 26 S. E., 99; nor was there an implied agreement, except as both signed at the same time and place, in the presence of the same witnesses, apparently unhesitatingly, it may be inferred they had previously agreed to do so, and that the provisions of the will express the terms of the agreement. If this be so, it seems to me that the will is enforcible if there was a sufficient consideration.

"There is no sufficient testimony to show that the mother owned any property, either at the time of the execution of

the will or at the time of her death, hence the consideration as to the husband fails and the will was revocable.

"Did the husband destroy it? After the death of his wife, he manifested much dissatisfaction with the will, and he consulted several persons, among them at least one lawyer, as to whether he could destroy it, and the advice he received was conflicting. He afterwards told a friend that he had destroyed it by burning it. There is also testimony supporting the theory that the will was purloined and suppressed, but I am of the opinion that the husband himself destroyed it.

"It is, therefore, ordered, adjudged and decreed, that the complaint be dismissed and the plaintiffs pay the cost in this action."

The first question that will be considered is whether there was error on the part of his Honor, the Circuit Judge, in his finding of fact that the will was destroyed by the testator, W. C. Anderson. It is incumbent on the appellants to show that such finding was against the preponderance of the evidence. The testimony is conflicting, and the appellants have failed to satisfy this Court that the said finding is against the preponderance of the testimony. The exceptions raising this question are overruled.

The next question for consideration is whether his Honor, the Circuit Judge, erred in his finding of fact, that there was not an express or implied agreement between W. C. Anderson and his wife, based upon a valuable consideration, to make the will described in the complaint.

In Cawley's Appeal, 10 L. R. A. (Pa.), 93, both the parties joining in the execution of the will owned separate property. The principle as to joint wills is thus stated by the Court: "Each seems to have desired to make the same disposition of what he or she owned. Both adopted the same written expression of that desire and executed it. The will so made must be regarded, therefore, as the separate will of each testator as fully as though the will of each had

been separately drawn up and signed. There was no joint property or joint devise. It is not, therefore, a joint will. It is not a compact between the makers in form or in effect. No consideration passed from one to the other and none is suggested, except the affectionate interest which this aged mother and sister felt for each other. This moved them to provide for each other's comfort by a life estate in the survivor, but beyond that each gave to the remainderman only what each owned. Such a will is properly described by the phrase in *Evans* v. *Smith, supra,* as a 'double will.' It must be construed and treated as the separate will of each testator who signed it, in the same manner as though a separate copy had been executed by each. It was, therefore, revocable by both."

There is a full discussion of this subject in the notes to the case of *Re Davis,* 38 L. R. A. (N. C.), 289. When parties have seen fit to dispose of their property in a certain manner by will, the Court, in the exercise of its chancery powers, will not interfere with such disposition, unless there was an agreement based upon valuable consideration to dispose of it in a different manner. There is no evidence of a valuable consideration to support an agreement between W. C. Anderson and his wife to dispose of their property in the manner set forth in the will. The reason assigned by W. C. Anderson for making the will was that he "did not want his people to throw his wife out of a house and he didn't want any of his people to have any of his property." The exceptions raising this question are overruled. These views practically dispose of all the exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.