### Parker W. Thomas v. Samuel S. Kerr.

1. MALICIOUS PROSECUTION—*what essential to render advice of counsel defense to action of.* In order to render advice of an attorney a justification for the arrest of another, it is essential that the

party so seeking advice should act in good faith, and it must appear that he made a full and fair statement of all material facts to the attorney whose advice he followed.

2. PUNITIVE DAMAGES—*when amount awarded will not be disturbed.* Punitive damages awarded by a jury will not be disturbed on review unless it appears that the jury acted unwarrantably under the evidence submitted.

Action for malicious prosecution. Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

JOHN R. FITZGERALD, for appellant.

BUCKINGHAM & GRAY, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee brought suit in the Circuit Court of Macon county against appellant for malicious prosecution, which resulted in a verdict and judgment in appellee's favor in the sum of $500. Appellant appealed.

Appellee rented and lived upon a farm of appellant during the farming season of 1904, and boarded appellant in his family during that time. In the month of July of that year appellee traded a buggy he then had upon or toward the purchase of a new buggy and gave a note for a difference of $55 which note appellant also signed and afterward paid. The parties differ as to what the arrangement between them was at the time appellant signed the note. Appellant claims that the buggy was to be his property until appellee paid for it while appellee contends that the buggy was his and that appellant had no interest in it. In March, 1905, appellee left the farm of appellant taking the buggy with him. On the ninth of that month he made a chattel mortgage to one A. M. Shaw, upon the buggy and other property. In September, 1905, Thomas had Kerr arrested and lodged in jail on a complaint that he, Thomas, had made on August

19, 1905, charging Kerr with the intent to cheat and defraud said Shaw by a certain false writing and mortgage to Shaw upon the buggy. Appellee was arrested on Sunday and was in the custody of an officer and in imprisonment for several hours. Upon a hearing had before the justice of the peace who issued the warrant that officer found that there was no probable guilt of appellee and ordered him discharged.

Appellant first contends that there was probable cause justifying the arrest of appellee. In this respect, however, we do not think the verdict should be disturbed. There is no testimony tending to show that Kerr intended to commit a crime, or that he was guilty of the charge made against him. He removed the property in question from the farm of appellant in March, 1905, and no complaint was made for his arrest for nearly six months after that time. There was a dispute betwen the parties as to who owned the buggy, and appellee claimed that Thomas owed him for board and for keeping his horse in a sum in excess of $55. The credibility of the parties was assailed, and testimony given tending to impeach each of them, making the case peculiarly one for a jury to pass upon.

Appellant next contends that the arrest of appellee was not malicious and that appellant should be excused from liability upon the ground that he consulted an attorney, duly licensed, etc., prior to the time he made the complaint and followed his advice in making the arrest.

In order to render the advice of an attorney a justification for the arrest of another it is essential that the party so seeking advice should act in good faith, and it must appear that he made a full and fair statement of all material facts to the attorney whose advice he follows. Roy v. Goings, 112 Ill. 656; Schattgen v. Holnback, 149 Ill. 646-651.

In the case at bar there is no evidence that appellant made to the attorney a full and fair statement

of all material facts. Upon this subject he testified:
"I explained the case to my lawyer and told him how
Kerr got away with the buggy and mortgaged it; that
the buggy was my property because I paid for it."
Nothing was said showing that Kerr had had the
buggy away from the farm of appellant for several
months claiming that Thomas had no interest in it,
nor that Kerr claimed that Thomas was in his debt
for board and for keeping a horse. These were im-
portant matters to be taken into account in determining
whether or not appellee was guilty of a crime and
liable to arrest. To protect himself it was essential
that appellant should have made a full, and not a par-
tial statement of the material facts.

Furthermore there was evidence tending strongly to
show malice on the part of appellant toward appellee.
John Conthwait testified that prior to the time of filing
the complaint against appellee appellant said to him
that he had trouble with Kerr about a buggy; that
he went his security and had to pay and that he was
going to have him arrested; that he did not have a
fighting show for the buggy and that the only thing
he could do was to put the    *    *    *    in jail and take
some of the smartness out of him.

Frank Spangler testified that he heard appellant say
after the arrest was made "that he had had appellee
arrested and put in jail and that he would like to go
over and look at him through the bars." This state-
ment appellant admitted was made by him.

The question of malice upon the part of appellant
and whether or not he made a fair and full statement
to his attorney were matters properly submitted to
the jury and we are entirely satisfied with their find-
ing thereon.

The prosecution begun by appellant bears many in-
dications of having been commenced for the purpose of
collecting an alleged debt and not for the purpose of
punishing a party guilty of crime.

Appellant next contends that the damages are ex-

cessive, but upon a consideration of all the evidence we think the jury were not unwarranted in finding that there was actual malice upon the part of appellant in causing the arrest and imprisonment of appellee, so that it was in their province to allow punitive damages to appellee in case they found in his favor. This they did, and we are of the opinion that the amount they allowed is not excessive. If appellant cared "to look at appellee through the bars" and for that purpose had him unlawfully arrested and imprisoned, he must not complain if a jury assesses punitive damages against him for that privilege.

The instructions as a series stated the law with substantial accuracy and with fairness toward appellant.

There is no reversible error in the record and the judgment is affirmed.

*Affirmed.*