[File No. 6183.]

DR. O. A. KRON, Respondent, v. G. A. BODMER, Appellant.

(249 N. W. 772.)

Opinion filed July 29, 1933;

*George A. McGee, Harry E. Dickinson* and *H. E. Johnson*, for appellant.

*B. H. Bradford, E. R. Sinkler* and *G. O. Brekke*, for respondent.

BURKE, J. This is an action for malicious prosecution. At the close

of all of the testimony the defendant moved the court for a directed verdict in his favor, which motion was denied and a verdict returned by the jury for the plaintiff. Thereafter the defendant moved for judgment notwithstanding the verdict, or in the alternative, for a new trial. The motion for judgment notwithstanding the verdict was denied, the motion for a new trial was granted and the defendant appeals from the order denying motion for judgment notwithstanding the verdict.

It is the contention of appellant, first that probable cause for the arrest of the plaintiff was established as a matter of law and that there was no question for the jury. Second, that the verdict is against the weight of the evidence and is not justified. Third, that there is no reasonable probability that the defects in proof necessary to support the verdict may be remedied on another trial and judgment notwithstanding the verdict should have been granted.

The plaintiff, a dentist, practised his profession, since 1906, in an office in a building owned by the defendant, in the city of Kenmare, North Dakota, excepting during a few years when he was away from Kenmare, and he occupied the same office on his return in 1928.

The plaintiff Kron was fifty years old at the time of the altercation and weighed 215 pounds. The defendant Bodmer was at the time sixty-seven years of age, weighing 165 pounds and afflicted with high blood pressure, which affliction was known to the plaintiff at the time. The plaintiff Kron used intoxicating liquor to excess frequently and at times would call up the defendant, and others, on the telephone and talk in such an irrational and abnormal way that several of the telephone patrons requested the telephone operator not to call their numbers for Kron.

Kron testified that "about 9:15 in the evening of December 16, 1930, I was getting my mail in the postoffice. Mr. Bodmer came in. I was standing reading my letter at the desk. He walked by me and said 'Hello there you —— of a ———. You did not get your license revoked that time but I will get it from you yet.' I turned around, looked at him, and he had his fists tightened up and I put my hands on his arms this way. I took hold of his shoulders. A little girl came in and he said 'Little girl call the police.' I walked right out. I didn't pay no attention to him. I did not say anything to him. As soon as

he called the police I walked out and went home." On cross examination he testified: "At the time of the altercation I weighed 215 pounds. I did not do anything until I saw his fists clinched. I put my hands on his shoulders. I held him by the shoulders. I held him until he told the girl to call the police, then I let go and walked out and then at this time Stalberg raised the window and looked out. I left him in the postoffice when I went out." Stalberg testified that when he opened the window there was nobody in the postoffice but Bodmer.

Continuing the plaintiff Kron testified: "I had trouble with Bodmer before this incident in the postoffice. Once or twice in his store. Nobody present but his clerks. We talked a little but he did not say nothing much at all. He stood there, took it, and then he walked away from me, walked to one of his clerks and had them call his officer. He was on the inside of the counter and I was on the outside. The officer or the mayor came, took me up to the city hall, relieved me of ten dollars and let me go. Afterwards I went up to his house. I certainly did feel like telling him what I thought about him. He came to the door looked through the glass, but did not open it, then went away."

The next day, after the altercation in the postoffice, Bodmer went to the state's attorney's office in Minot and made a long statement to the state's attorney relating to the difficulties between him and Kron including a statement of a complaint made by the defendant to the dental board concerning the conduct of the plaintiff as a dentist. He even presented to the assistant state's attorney the correspondence he had with the dental board and told the same story to the assistant state's attorney that he told on the stand as a witness in the instant case. The assistant state's attorney drew a complaint which the defendant signed and which complaint is made the basis of plaintiff's cause of action against the defendant, and reads as follows: "G. A. Bodmer being first duly sworn and examined on oath makes complaint and says that Dr. O. A. Kron did on the 16th day of December 1930 in the City of Kenmare in said County and State, Commit the crime of Attempt to Commit a Felony which said crime was committed as follows, to-wit: That at the said time and place the said Dr. O. A. Kron did wilfully, unlawfully, feloniously and maliciously on the 16th day of Dec. 1930, attempt to commit a felony, to-wit: that at said time and place, said defendant grabbed this complainant and did at the same time threaten

that he was going to commit the crime of murdering the said complaining witness; that the complainant prevented the commission of said crime by dislodging himself from the defendant and to escape from him." A warrant was issued on this complaint and the plaintiff was arrested and brought to Minot and had a preliminary examination. The record of this preliminary examination shows that Kron was represented by able counsel. It was stipulated that the testimony be taken and transcribed. Eight witnesses were sworn for the state, including most of the witnesses who testified in the instant case. There was no testimony offered by the defendant. This complaint charges only assault and battery. In the charging part of the complaint it states "that at the said time and place, said defendant grabbed this complainant and did at the same time threaten that he was going to commit the crime of murdering the said complaining witness; that the complainant prevented the commission of said crime by dislodging himself from the defendant and to escape from him." This complaint does not charge a crime to commit a felony, it charges only assault and battery and is not a very good complaint for that. The 16th day of December, 1930 was a very cold day. The plaintiff and defendant had on very heavy overcoats, buttoned up around them. Their meeting in the postoffice was a chance meeting and was sudden, without any time for premeditation. Neither knew that the other was in the postoffice until they met and then, according to the complaint, Dr. O. A. Kron grabbed Bodmer and threatened to kill him.

There is no allegation showing any ability or facility on the part of Dr. Kron to commit any offense but the offense of assault and battery and the ability to commit a felony is negatived by the statement that "the complainant prevented the commission of said crime by dislodging himself from the defendant and to escape from him."

We have read carefully the statement made by Bodmer to the assistant state's attorney at Minot and the testimony of the assistant state's attorney as to the complaint made to him by the defendant at that time and there is nothing in the statement which charges anything more than assault and battery. According to the testimony of Dr. Kron, he was guilty of assault and battery and therefore there was probable cause for the issuing of the complaint. Dr. Kron says that when Bodmer came into the postoffice he walked by him and said

" 'Hello there you —— of a ———. You did not get your license re-voked that time, but I will get it from you yet.' I turned around, looked at him and he had his fists tightened up and I put my hands on his arms this way. I took hold of his shoulders. A little girl came in. He said 'Little girl call the police.' I walked right out." In other words he grabbed the defendant, just as the complaint says and this was an assault and battery, as charged in the complaint and not justi-fied, for words never justify a battery.

Kron does not claim that Bodmer assaulted or attempted to assault him and the statement which he says the defendant made at the time negatives any attempt to assault him. If the defendant made the statement which the plaintiff claims he made at that time, his mind was not on an attempt to assault Kron but he was thinking about getting his license to practice dentistry away from him. Kron says that Bod-mer had his fists tightened but he did not offer to use them and when he asked the girl to call the police, according to Kron's testimony, he let him go and walked out and still there was no attempt on the part of the defendant to strike or assault Kron. This testimony of assault and battery is not disputed but is corroborated by the defendant and by the little girl, who by the way, wasn't so small, as she was nearly seventeen years of age, and it is practically conceded by Kron's counsel, in his argument to the jury. He said: "We claim that he (Bodmer) came to Minot with a matter which he would ordinarily, and which you and I would ordinarily take right to our local justice. Now wouldn't we? If you had any trouble. . . . I assume that you have all heard of disorderly conduct. Of course I don't know what the ordinances of the city of Kenmare are, you don't know what they are, but I think that we may assume that they are the usual ordinances that provide against breaches of the peace, disorderly conduct and the like; those are universal in all towns and cities of the like, and villages, and I leave it to you whether they are not taken care of locally and pre-emptorily, just as Mr. Kron's case was taken care of in 1927 or 8; (when they) took him up and relieved him of ten dollars and that was all there was to it. And isn't that the way those things were handled, and isn't that all the dignity any of them are entitled to at any time. That is the purpose of those small penalty ordinances, to cover just such situations. But Mr. Bodmer was not satisfied with that; he came down here to get

a serious punishment for this man. He came down for the purpose of forcing him into jail. He came down here for the purpose of forcing him to put up a large bond. He came down here for the purpose of creating the impression in Kenmare that he was an undesirable character and unfit to practice dentistry in that city, just as he had endeavored to have the dental board believe two years before. Now that is just exactly what happened, exactly what he did. He came down here with malice in his heart and he procured the issuance of this warrant, and he procured the arrest of this plaintiff and he brought him from Kenmare to come down here and threw him into jail, just as if he had done it with his own hands, just exactly as if he had brought him down here and threw him into jail and subjected him to that disgrace and that expense and to the disgrace of his family and disgrace of the community. That is what he did. Those are the acts we ask him to answer for. But he will attempt to hide behind the assistant state's attorney, and the assistant state's attorney will spread his skirts for the purpose of hiding Mr. Bodmer behind him."

This argument was highly prejudical but at the same time it is an admission that Dr. Kron did something on that night for which he should be brought to justice.

"Where there is no dispute about the facts, it is the duty of the court on the trial to apply the law to them and pronounce upon the legal effect of the evidence without the intervention of the jury. Facts constituting probable cause is a question for the court." Newell, Malicious Prosecution, p. 278. See also Miekle v. Rode, 58 N. D. 465, 226 N. W. 507; Lux v. Bendewald, 58 N. D. 761, 227 N. W. 550.

That the plaintiff is guilty of assault and battery is proved by his own testimony. It is not disputed in that respect. A case very much in point is the case of Benner v. Walsh, 193 App. Div. 962, 184 N. Y. Supp. 340. In this case the court said: "The fact that the trial jury in the county court acquitted one is immaterial in an action for damages for malicious prosecution, where on plaintiff's own story there was probable cause for arrest. As to the cause of action for malicious prosecution, the plaintiff's evidence shows her guilty of assault, as well as of the other crimes indicated as above. Upon examination, she was held for the action of the grand jury, and subsequently indicted. The fact that the trial jury in the county court acquitted her does not alter

the fact that on her own story there was probable cause for her arrest."

In the case of Bailey v. Collehon, 76 W. Va. 322, 85 S. E. 556, at page 558, the West Virginia court said: "The remaining inquiry is whether the admitted and established facts make a case of probable cause as a matter of law. In cases of this class, as in others, the province of the jury has its peculiar, established and necessary limitations. What constitutes probable cause is a question of law for the court, when the facts, or enough of them to make it out, are undisputed or clearly established. 'To determine such a question, no matter how numerous and complicated the supposed facts may be, the court is peculiarly fitted, as it must largely depend on correct views of the law. A jury would be peculiarly unfitted to determine wisely such a question. In its nature it is a question of law and not of fact. That is, if negligence be the question the deduction to be drawn from supposed or admitted facts is generally a question of fact for the jury; but if want of probable cause is the question, this deduction to be drawn from the supposed or admitted facts is always a question of law for the court to decide.'" Vinal v. Core, 18 W. Va. 1, 37.

"The public policy upon which this limitation upon the power of the jury, in actions for malicious prosecution, rests, is forcibly and well stated by Judge Marshall, in Farris v. Starke, 3 B. Mon. 4, as follows: 'If every man, who suffers by the perpetration of crime, were bound under the penalty of heavy damages to ascertain, before he commences a prosecution, that he has such evidence as will insure a conviction, few prosecutions would be set on foot, the guilty would escape, while conclusive evidence was being sought for; offences of every grade would for the most part, go unpunished, and the penal law would be scarcely more than a dead letter. The law therefore protects the prosecutor, that is, if he has such ground, as would induce a man of ordinary prudence and discretion to believe in the guilt and to expect the conviction of the person suspected, and if he acts in good faith on such belief and expectation. The question is not, whether the party was guilty, but whether the plaintiff had reasonable ground from the facts known to him and those communicated to him to believe and actually did believe the plaintiff guilty.'"

"Whether the facts and circumstances established by uncontradicted

evidence amount to probable cause in an action for malicious prosecution is a question of law for the court, and not an issue of fact for the jury." Kersenbrock v. Security State Bank, 120 Neb. 561, 234 N. W. 419; Turner v. O'Brien, 5 Neb. 542; Dreyfus v. Aul, 29 Neb. 191, 45 N. W. 282; Nehr v. Dobbs, 47 Neb. 863, 66 N. W. 864; Bechel v. Pacific Exp. Co. 65 Neb. 826, 91 N. W. 853; Bank of Miller v. Richmon, 68 Neb. 731, 94 N. W. 998; and other cases cited in note in L.R.A.1915D, 5, 8; Michael v. Natson, 81 Kan. 360, 105 Pac. 537, L.R.A.1915D, 1.

"In clear cases the question of want of probable cause for instituting a criminal prosecution is one of law for the court." Brown v. Selfridge, 224 U. S. 189, 56 L. ed. 727, 32 S. Ct. 444.

Malice is a question of fact; but what facts and circumstances amount to probable cause is a pure question of law. Lacey v. Porter, 103 Cal. 597, 37 Pac. 635; Ball v. Rawles, 93 Cal. 222, 28 Pac. 937, 27 Am. St. Rep. 174; Stone v. Crocker, 24 Pick. 84; Thompson v. Beacon Valley Rubber Co. 56 Conn. 493, 16 Atl. 554.

The complaint, which is the basis of the plaintiff's cause of action in the instant case, charges Dr. Kron with the offense of assault and battery only. His testimony proves that he was guilty of the offense as charged. Being guilty of the offense there was probable cause for the making of the complaint and the motion for judgment notwithstanding the verdict should have been granted.

The order denying plaintiff's motion for judgment notwithstanding the verdict is reversed and the action dismissed.

NUESSLE, Ch. J., and BIRDZELL, CHRISTIANSON and BURR, JJ., concur.